HELEN SLUSARZ, as Administratrix, etc., of ALFRED SLUSARZ, Deceased, Respondent, v. GERTRUDE D. MARSHALL and ELEANOR C. ALLEN, as Executrices, etc., of FRANK MARSHALL, Deceased, CHARLES MARSHALL, JOHN KASSON and AUSTIN KASSON, Appellants.— The plaintiff-intestate was twenty-two years of age at the time of his death and was the sole support of his widowed mother. He was a passenger in a DeSoto automobile owned and operated by Longin Kretowicz and was proceeding northerly on the Perth or Broadalbin road on the evening of September 12, 1937, after one o'clock at night. It was a foggy, misty night. The road consisted of two nine-foot strips of concrete. John Kasson and a companion were driving northerly out of Amsterdam in a Ford car when they discovered that they were short of gasoline and did not have enough to reach their destination. They turned around and retraced their steps about two miles to a gasoline station for the purpose of getting gasoline. The gasoline station was deserted and they were unable to get a supply. They then, knowing that they did not have any appreciable amount of gasoline, proceeded northerly on their way to Gloversville. They had gone but a short distance, driving on the easterly strip of concrete, when their car stopped on account of the want of gasoline. The headlights and tail light on that car were burning and they were stopped with their right wheels just off the concrete. They began pushing their car back in a southerly direction and they had pushed it some distance and while they were pushing it one or two cars passed them going in the same direction that they were headed in. While pushing their car they saw a third car coming which turned out to be the Oldsmobile of the defendant Marshall. They stopped their car and one of the passengers in the Kasson car went southerly and held up his hand and the Marshall car came to a stop directly behind the Kasson car; its headlights were burning but there

was a conflict of evidence as to whether it had any tail light. It blanketed entirely any view of the Kasson car approaching from the south. They were told that they could not be of any assistance but stood there four or five minutes during which time the car in which the plaintiff-intestate was riding came along and crashed into the back of it causing the plaintiff-intestate's injuries from which he died. The complaint is an ordinary one in negligence and the defendants' answers are general denials and allege contributory negligence. It is claimed that the Kasson car was negligent for being out on the highway without gasoline, that it was the duty of the driver or operator of that car when he discovered its condition to get off the highway. It is claimed that the Marshall car was negligent because it drove up behind the Kasson car and remained there for five minutes without any tail light burning, preventing a view of the Kasson car from the south. The evidence supports the judgments and orders appealed from, and they should be affirmed, with costs. Judgment and orders affirmed, with costs. Rhodes, McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., concurs for affirmance as to the judgment against the defendants Kasson, upon the authority of *Farr* v. *Wright* (273 N. Y. 560).